CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NOAH STERN (CABN 297476)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6758
FAX: (415) 436-7234
Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN KERENSA,<br><br>Defendant. | Case No. 4:03-cr-00333-JSW<br><br>**RESPONSE TO LETTER FROM DEFENDANT DATED SEPTEMBER 10, 2026**<br><br>Hon. Jeffrey S. White |

The United States hereby files this response to the letter submitted by Defendant Benjamin Kerensa, dated September 10, 2026, Dkt. No. 133, as ordered by the Court, Dkt. No. 134. In the letter, Defendant contends that the statutory period to enforce the judgment of restitution in this case has expired and that the government's collection efforts are also contrary to prior agreement between the parties. The government believes that both contentions are without merit.

**A. Background**

On November 4, 2004, Defendant was sentenced to one year in prison after pleading guilty to willfully making threatening communications, in violation of 18 U.S.C. § 344(e). Dkt. No. 38 (Attachment A).[1] The judgment ordered Defendant to pay $47,452.92 in restitution, with a minimum

[1] The government is attaching certain documents that are part of the Court's public docket

payment of $5.00 per month during supervised release. *Id.*

After the Defendant served his sentence, he committed additional crimes while on supervised release. Dkt. No. 76 (Attachment B). On February 24, 2026, Defendant's supervised release was revoked and he was sentenced to 24 months in prison. *Id.* at 3. According to a declaration the Defendant filed in this case, he was released from prison on that supervised release sentence on August 28, 2007. Dkt. No. 123-1 ¶ 4 (Attachment D).

In 2007, Defendant sought to have his restitution payment obligations modified. The Court ordered the government to respond, and the government opposed. Dkt. No. 122 (Attachment C). Defendant filed a reply, arguing his economic circumstances had changed. Dkt. No. 123 (Attachment D). In the reply brief, Defendant's counsel requested that the Court order (1) the USAO's Financial Litigation Program ("FLP," formerly known as "FLU") not to contact Defendant, (2) the restitution payment schedule be modified to require $5 payments only if Defendant was employed for at least two weeks of the month in which payment was due, and (3) requiring no further criminal charges to be filed based on nonpayment without an AUSA familiar with the case conducting an investigation into whether the failure to pay was willful and inquiring with Defendant about the reasons for the failure to pay. *Id.*

The Court ordered an additional response by the government and, on October 1, 2027, the government filed a letter detailing a payment agreement that had been reached. Dkt. No. 126 (Attachment E). The letter stated that the government agreed that Defendant would pay $5 a month for each month in which he works outside his home for at least 10 days a month. *Id.* Defendant agreed that he would notify the government of any material change in his economic circumstances that might affect his ability to pay. *Id.* And the government agreed that it would not impose default or delinquency penalties against Defendant for nonpayment of restitution without first contacting Defendant or his counsel to determine whether there were mitigating circumstances or to determine whether the payment agreement should be renegotiated. *Id.* The letter *does not* state that the government agreed not to contact Defendant or forbear from affirmative collection activity, as alleged in his recent letter to the Court. *See id.*

---

because they are not available electronically on ECF.

On October 10, 2007, after receiving the government's letter, the Court denied Defendant's motion as moot. Dkt. No. 128. On April 15, 2008, the Court filed an order noting that the Court had received a phone call from Defendant requesting relief with respect to alleged searches and seizures. Dkt. No. 129. The Court ordered the Defendant to put any such requests for assistance in writing and serve it on counsel for the government. *Id.* After this order there was no activity on the docket until April 10, 2026, when Defendant's first letter requesting intervention relating to restitution collection efforts was filed. Dkt. No. 135.

**B. Argument**

Defendant provides no basis for relief from the restitution order in this case.

First, the undersigned AUSA has found no record of any agreement with Defendant barring the government from engaging in affirmative restitution collection efforts. While the Defendant requested an order preventing FLP from contacting him, the Court did not issue such an order, and that term is contrary to the agreement outlined in the government's 2007 letter to the Court, which resulted in the Court denying Defendant's motion. The undersigned AUSA is not aware of any other restitution agreements with Defendant. The undersigned AUSA also contacted personnel in the USAO's FLP unit regarding any efforts made by FLP to collect restitution from Defendant. According to information provided by FLP, the undersigned understands that the only recent activity by FLP relating to this case is (1) obtaining credit checks for Defendant in 2025 and 2026 and (2) sending a letter to Defendant on February 13, 2026, requesting current financial information and stating that the failure to respond would result in subpoenas for financial information. *See* Attachment F (Letter from FLP to Defendant, dated February 13, 2026). None of this activity is inconsistent with the agreement summarized in the 2007 letter.

Second, the statutory period to enforce the restitution judgment has not expired because less than twenty years have elapsed since Defendant's release from prison. "The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or *20 years after the release from imprisonment* of the person ordered to pay restitution." 18 U.S.C. § 3613(b). Contrary to Defendant's assertion, the date of the restitution order does not control, rather, the relevant inquiry focuses on the date of Defendant's release from imprisonment in this case. Defendant's release from

imprisonment in this case was in August 2007 and, therefore, his restitution obligations are still in full force and effect.

While the government has not identified any case that addresses the specific issue raised by Defendant,[2] the Supreme Court has held that a sentence upon revocation of supervised release is attributable "to the original conviction." *Johnson v. United States*, 529 U.S. 694, 701 (2000). Because Defendant's post-revocation imprisonment is "part of the penalty for the initial offense, *id.* at 700, Defendant's "release from imprisonment" for purposes of Section 3613(b) was in 2007 after he served his revocation sentence. It would make little sense for the twenty years to run from Defendant's initial release from prison, even though he was later returned to prison. That initial release was not permanent or final because he was returned to prison when his supervised release was revoked. Section 3613(b) clearly states that the twenty years should run from the later of entry of judgment or release from imprisonment. It would make little sense for that to language to mean that the clock starts at an interim release from imprisonment rather than the last, and final, release from imprisonment.

Using the final release from imprisonment is also consistent with the likely purpose of starting the clock when the defendant is released from prison. When in custody, defendants have limited ability to earn money and pay restitution, and so it make sense to time the restitution obligation from when a defendant is released from prison and has the ability to work and earn money to pay restitution. If a defendant's supervised release is revoked and they are imprisoned, the defendant will have limited ability to earn money while they are in prison. Thus, it makes sense that the timeline for restitution

///

[2] In *United States v. Delano*, 981 F.3d 1136 (10th Cir. 2020), the district court held that a revocation of supervised release for a defendant sentenced prior to the MVRA revived a restitution obligation because the MVRA applied to the revocation. The Tenth Circuit reversed, on grounds that the MVRA did not apply retroactively to the defendant's case. Instead, the prior statue that terminated restitution twenty years from judgment (without reference to release from imprisonment) as applicable. *Id.* at 1139-40. The Court's opinion, however, appeared to assume that under the MVRA a restitution obligation would continue twenty years after the defendant's release from prison for a supervised release violation.

should run from the defendant's last release from prison. Because 20 years has not elapsed since Defendant's final release from prison in this case, his restitution obligations may still be enforced.

DATED: October 9, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
NOAH STERN
Assistant United States Attorney

# Attachment A

# United States District Court
## Northern District of California

FILED
NOV - 4 2004
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA**
**v.**
**BENJAMIN KERENSA**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-03-333-01

USM Number:
DANIEL BLANL
Defendant's Attorney

**THE DEFENDANT:**

[x] pleaded guilty to count(s): FOUR of the Indictment .
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 844(e) | WILLFULLY MAKING THREATENING COMMUNICATIONS | 10-30-2003 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___.

[x] Count(s) 1, 2, 3 of the Indictment (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

11-4-04
Date of Imposition of Judgment

Jeffrey S. White
Signature of Judicial Officer

Honorable Jeffrey S. White, U. S. District Judge
Name & Title of Judicial Officer

NOV 04 2004
Date

ENTERED IN CRIMINAL DOCKET 11/5/04

38

DEFENDANT: BENJAMIN KERENSA
CASE NUMBER: CR-03-333-01



# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months .

[x] The Court makes the following recommendations to the Bureau of Prisons:
That the Defendant be placed in an appropriate treatment facility with a medical designation.

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.

[ ] at ___ [] am [] pm on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before 2:00 pm on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________
______________________________________________
______________________________________________

Defendant delivered on ______________________ to ______________________

at ______________________, with a certified copy of this judgment.

______________________
UNITED STATES MARSHAL

By ______________________
Deputy U.S. Marshal

DEFENDANT: BENJAMIN KERENSA
CASE NUMBER: CR-03-333-01



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check if applicable.)

[] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[] The defendant shall register with the state sex offender registration agency in the State where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS SUPERVISION

1) The defendant shall not possess or use a computer with access to any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall (1) consent to the probation officer conducting periodic unannounced examinations of his/her computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the probation officer to having installed on his/her computer(s), at the defendant's expense, any hardware or software systems to monitor his/her computer use.

The defendant shall refrain from accessing, via a computer, any "material" that relates to the activity in which s/he was engaged in committing the instant offense(s), parole, probation, or supervised release violation behavior, namely www.IP-Relay.com.

The defendant shall maintain a daily log of all addresses s/he accesses via any personal computer (or other computer used by him/her), other than for authorized employment, and make this log available to the probation officer.

The defendant shall not possess or use any computer; however, he may, with the prior approval of the probation officer, use a computer in connection with authorized employment and/or education.

2) The defendant shall seek and maintain gainful employment.

3) The defendant shall pay any restitution and special assessment that is imposed by this judgment, (and that remains unpaid at the commencement of the term of supervised release),

4) The defendant shall participate in a mental health treatment program, including, but not limited to a residential treatment program, as directed by the probation officer. The defendant is to pay part or all costs of this treatment, at an amount not to exceed sixty dollars ($60.00) per session, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

5) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

6)
[ ] The defendant shall have no contact with the victim(s), unless otherwise directed by the probation officer.
[x] The defendant shall not have any contact with any victims or witnesses, unless otherwise directed by the

probation officer.

[ ] The defendant shall not have any contact with a minor under the age of 18, unless such contact is authorized by the probation officer.

7) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

DEFENDANT: BENJAMIN KERENSA 
CASE NUMBER: CR-03-333-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100** | $ waived | $ 47,452.92*** |

**Due immediately - payable to USDC, 450 Golden Gate Avenue, San Francisco, CA 94102

***Minimum payment of $5.00 per month during Supervised Release. Amount of minimum payment may be adjusted at the probation officer's discretion.

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage of Payment |
|---|---|---|---|
| Oracle<br>c/o Geri Westphal<br>6005 Plumas Street, Suite 202<br>Reno, NV 89511<br>775-689-3402 | | $47,452.92 | |

Totals: $ 47,452.92

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BENJAMIN KERENSA
CASE NUMBER: CR-03-333-01



# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ due immediately, balance due

[ ] not later than ____, or

[ ] in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B [ ] Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C [ ] Payment in equal (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will comence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [x] Special instructions regarding the payment of Restitution:

Minimum payment of $5.00 per month during Supervised Release. The minimum amount may be adjusted at the discretion of the Probation Officer.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

US,

Plaintiff,

v.

Benjamin Kerensa,

Defendant.
_______________________________/

Case Number: CR03-00333 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 4, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Blank
Federal Public Defender's Office
450 Golden Gate Ave
19th Flr
San Francisco, CA 94102

Elise Becker
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

Constance Cook
US Probation
(Via Inter-Office Mail)

US Marshal Service
(Via Inter-Office Mail)

US Pretrial Services
(Via Inter-Office Mail)

USDC Finance Dept.
(Via Inter-Office Mail)

Dated: November 4, 2004

Jennifer Ottolini
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

# Attachment B

AO 245D (Rev. 9/00) - Judgment in a Criminal Case for Revocation

FILED
FEB 2 8 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# United States District Court
## Northern District of California

UNITED STATES OF AMERICA
v.
BENJAMIN KERENSA

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number: CR-03-333 JSW

Randy Sue Pollack
Defendant's Attorney

**THE DEFENDANT:**

[x] admitted guilt to violation of condition(s) One, Two, Three, Four, Five, Six, Seven and Eight of the term of supervision.
[ ] was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: Redacted

Defendant's Date of Birth: [redacted]

Defendant's USM No.: 93267-011

Defendant's Residence Address:
US Marshal Custody

Defendant's Mailing Address:
US Marshal Custody

February 24, 2006
Date of Imposition of Judgment

Jeffrey S. White
Signature of Judicial Officer

Honorable Jeffrey S. White, U. S. District Judge
Name & Title of Judicial Officer

FEB 2 8 2006
Date

ENTERED IN CRIMINAL DOCKET

76

DEFENDANT: BENJAMIN KERENSA
CASE NUMBER: CR-03-333 JSW



## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| One | Not commit another Federal, State or Local Crime | 12-2-05 |
| Two | Not commit another Federal, State or Local Crime | 12-2-05 |
| Three | Not commit another Federal, State or Local Crime | 12-2-05 |
| Four | Not commit another Federal, State or Local Crime | 12-2-05 |
| Five | Not commit another Federal, State or Local Crime | 12-2-06 |
| Six | Special Condition #1 - not use any computer without prior approval of the probation officer | 12-2-06 |
| Seven | Not commit another Federal, State or Local Crime | 12-2-06 |
| Eight | Not commit another Federal, State or Local Crime | 12-2-06 |

DEFENDANT: BENJAMIN KERENSA
CASE NUMBER: CR-03-333 JSW



# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 months .

[x] The Court makes the following recommendations to the Bureau of Prisons:
Placement in a hospital facility.
Placement in or near Oregon, if possible.

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.

[ ] at ___ [] am [] pm on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before 2:00 pm on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________
______________________________________________
______________________________________________

Defendant delivered on____________________ to ______________________________

at _________________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy United States Marshal

Redacted

[redacted]

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

KERENSA,

Defendant.
________________________________/

Case Number: CR03-00333 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 28, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elise Becker
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

Randy Sue Pollock
Attorney at Law
2831 Telegraph Avenue
Oakland, CA 94609

Jennifer James
US Probation
(Via Inter Office Mail)

US Marshal Service
(Via Inter Office Mail)

US Pretrial Services
(Via Inter Office Mail)

USDC Finance Dept.
(Via Inter Office Mail)

Dated: February 28, 2006

Jennifer Ottolini

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

# Attachment C

FILED
07 SEP -7 PM 3:34
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ELISE BECKER (NYSBN 2540730)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6878
Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BENJAMIN KERENSA,<br>Defendant. | CR 03-00333 JSW<br><br>**GOVERNMENT RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE RE: RESTITUTION** |

In response to the Court's Order of August 24, 2007, directing the government to respond to defendant's motion to correct his sentence regarding restitution, the government submits that the defendant has failed to demonstrate any material change in his economic situation that would justify an adjustment in the payment schedule on the previously ordered amount of restitution.

The Court has authority, pursuant to 18 U.S.C. § 3664(k), to modify the defendant's restitution payment schedule upon notice of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." Here, however, there has been no such change in the defendant's situation. In addition, the Court already took the



122

defendant's economic situation into account at sentencing by ordering that restitution be paid at a rate of $5 a month. Furthermore, the defendant should remain liable for the full amount of restitution. *See* 18 U.S.C. § 3664(n). Lastly, contrary to the defendant's belief, the Court has no authority to reduce or modify the restitution order at this time under Fed. R. Crim. P. 35 or U.S.S.G. § 5E1.1(f).

Based on the record before the Court, the government submits that the defendant's motion is at best premature since he was just released from custody and has not defaulted on the restitution order. The government recommends that the Court order the defendant to make every effort possible in order to comply with the previously imposed payment schedule of $5 a month.

DATED: September 7, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

ELISE BECKER
Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney, Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies that she caused copies of

**GOVERNMENT RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE RE: RESTITUTION**

in the case of **UNITED STATES OF AMERICA V. BENJAMIN KERENSA, CR 03-00333 JSW,** to be served on the parties in this action, by placing a true copy thereof in a sealed envelope, addressed as follows which is the last known address:

**1) Suzanne Luban**
**Lubanlaw@sbcglobal.net**

_____ (By Personal Service), I caused such envelope to be delivered by hand to the person or offices of each addressee(s) above.

_____ (By Facsimile), I caused each such document to be sent by Facsimile to the person or offices of each addressee(s) above.

_____ (By Mail), I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

__X__ (By E-Mail), I caused each such document to be sent by electronic mail to the person or offices of each addressee(s) above.

_____ (By Fed Ex), I caused each such envelope to be delivered by FED EX to the address listed above.

_____ (By Messenger), I caused each such envelope to be delivered by Messenger to the address listed above

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 7, 2007

Miché Sharpe-Legal/Assistant
United States Attorney's Office
Criminal Division

# Attachment D

SUZANNE A. LUBAN
Attorney at Law
State Bar No.: 120629
3758 Grand Ave. #4
Oakland, California 94610
Telephone 510/832-3555
Fax 510/832-3558

Attorney for Defendant
BENJAMIN KERENSA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>BENJAMIN KERENSA,<br>Defendant. | D.C. No. CR 03-333-JSW<br>(San Francisco)<br><br>REPLY BRIEF BY DEFENDANT IN SUPPORT OF MOTION TO MODIFY RESTITUTION ORDER<br><br>Judge: Hon Jeffrey S. White |

Defendant Benjamin Kerensa hereby replies to the government's response to his motion to modify the restitution order pursuant to 18 U.S.C. §3664(k).

As is shown by Mr. Kerensa's declaration filed herewith, his economic circumstances have changed since this Court issued the order requiring payment of $5.00 minimum per month toward the restitution amount. At the time of the original sentencing, Mr. Kerensa was receiving monthly supplemental security income (SSI) payments as well as a small income from a part-time job. At the time of his 2005 release from the original prison term, SSI payments were reinstated immediately.

However, since Mr. Kerensa's supervised release revocation and prison term, his SSI benefits were terminated, and he was required to re-apply and wait between 120 business days (after his application interview date of September 13, 2007) and as

long as a year to learn whether SSI payments will be reinstated, and to begin receiving the payments.

Mr. Kerensa is not currently employed, although he is actively seeking employment. He is completely without funds, apart from the food stamps he receives, which cannot be turned into cash or used for anything other than food. Even the $100 that he received on August 28, 2007 from Lompoc USP officials had to be used to pay for his bus ticket, since the prison failed to provide the ticket as promised prior to his release.[1] In his current economic situation, Mr. Kerensa is not able to pay even the nominal $5.00 monthly payments toward restitution ordered by this Court.

As the Court is well aware, Mr. Kerensa faces certain obstacles to his adjustment to life in the community. His adjustment and ability to secure and maintain employment and a healthy life-style will be hampered by additional anxiety over whether he may be prosecuted for being unable to pay $5.00 per month toward restitution.

Because Mr. Kerensa currently has no source of income to pay *any* amount toward restitution, and because pursuit by the government to make such payments will have an adverse impact on his mental health and his chances for successful readjustment, it is respectfully requested that this Court make the following orders:

1. Direct the U.S. Attorney's Office collections unit, known as the "FLU" (Financial Litigation Unit) not to contact Mr. Kerensa.

2. Modify the restitution payment schedule to order Mr. Kerensa to make nominal payments in the amount of $5.00 per month toward the restitution owed *only*

---

[1]AUSA Becker has assured defense counsel that the Bureau of Prisons will reimburse Mr. Kerensa for the cost of the bus ticket. Mr. Kerensa has contacted prison officials, who are going through what appears to be a great deal of bureaucratic red tape to simply issue a $100 refund. No check has so far been received.

if he is employed for at least two weeks of the month in which the payment is due or he otherwise reasonably able to make the payment without suffering hardship.

3. Direct the United States Attorney's Office that before any further criminal charges may be filed against Mr. Kerensa for failure to pay restitution, AUSA Elise Becker or another criminal division AUSA familiar with this case shall conduct an investigation into whether such failure was willful that includes contacting counsel for Mr. Kerensa or Mr. Kerensa directly if he is no longer represented by counsel, and inquiring as to the reason for any failure to pay.

DATED: September 20, 2007

Respectfully submitted,

/ S / Suzanne A. Luban
SUZANNE A. LUBAN
Counsel for Mr. Kerensa

SUZANNE A. LUBAN
Attorney at Law
State Bar No.: 120629
3758 Grand Ave. #4
Oakland, California 94610
Telephone 510/832-3555
Fax 510/832-3558

Attorney for Defendant
BENJAMIN KERENSA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff. vs. BENJAMIN KERENSA Defendant. | D.C. No. CR 03-333-JSW (San Francisco) DECLARATION OF DEFENDANT Judge: Hon Jeffrey S. White |

I, Benjamin Kerensa, hereby declare:

1. I am the defendant in the above-captioned case. I make this declaration in support of my request for this Court to modify the restitution payment schedule, pursuant to 18 U.S.C. §3664(k).

2. My economic circumstances have changed since this Court issued the order requiring me to pay $5.00 minimum per month toward the restitution amount.

3. At the time of the original sentencing, I was receiving monthly supplemental security income (SSI) payments, I had my own residence, and I was working part-time. When I was released from prison in 2005, SSI payments were reinstated immediately. I was receiving around $700 per month at that time. I was only out for almost a month, so I received about one payment. Since that time, my



BK

supervised release was revoked and I served a sentence in prison for supervised release violations.

4. When I was released on August 28, 2007, the Lompoc USP officials did not provide me with a bus ticket as promised. I was given $100, which was promised in addition to the bus ticket and was supposed to be for food and to aid in my re-entry. The prison official releasing me told that I had to use this money to buy the bus ticket to Crescent City. The bus ticket cost $92.50, and I spent the remainder on food during my journey. Thus, I arrived at my aunt's home with no money.

5. The day after my release from prison this time, I applied for resumption of the SSI payments. The SSI office personnel told me that I would have to reapply rather than be allowed to simply resume receiving the previous SSI checks, and I was given an appointment to complete the application process by telephone on September 13, 2007. The woman who interviewed me advised me that my benefits will resume (if I am granted benefits) no sooner than 120 business days from September 13, 2007, and as long as a year from then if extensions are sought.

6. In the meantime, I am receiving food stamps in the form of a debit card worth $155 per month, and my medical care is covered by Medi-Cal. However, I currently have no source of income to pay any amount toward my restitution, even the nominal amount of $5.00 per month set by this Court.

7. I have been applying for work, as I am allowed to work part-time even when receiving SSI payments. So far, I have been unsuccessful in obtaining employment. In the meantime, I am volunteering at the Marine Mammal Center, caring for sea lions and other sea mammals. I am trying to keep a positive outlook.

8. While in prison, I learned about the "FLU," the U.S. Attorney's Office collections unit. Other inmates showed me letters they received trying to collect the restitution and penalty assessments that were due.

9. I am extremely anxious about being pursued by the FLU and possibly



BK

facing criminal liability for failing to make the payments this Court has ordered. I understand that AUSA Elise Becker will not be personally responsible to review any proposed criminal charges the FLU may recommend for failure to pay. This worry is adding to my already existing anxiety about trying to find work and not be a burden to my family. I am asking for the Court's help to alleviate this anxiety.

10. I fully intend to make payments whenever I have the money, but I cannot burden my family members, who have already done so much for me. My aunt is housing me and supervising my job search, but she does not have extra money and anyway I don't think it is right to ask her to help me pay my restitution. I am informed that I am not supposed to use the SSI money for payment of restitution.

11. I request that the Court modify my payment schedule to allow me to make nominal payments (meaning whenever I possibly can and in any amount possible) until such time as I have enough income to meet the existing schedule. I request that before any further charges would be filed for failure to pay restitution, AUSA Becker or someone in her office familiar with my case contact Ms. Luban and inquire as to the reasons for my failure (if any) to make payments, so that I can feel more secure in knowing that no criminal charges will be filed if I am able to establish that any failure to pay is not willful.

12. I appreciate the respect and concern the Court has shown me in the past, and I am trying to live up to expectations that I can live a productive and law-abiding life. I believe that my adjustment will be enhanced by the Court's alleviating the

////

////



BK

anxiety that I am currently experiencing about being pursued by the FLU and subjected to criminal charges due solely to my poverty.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 14th day of September, 2007 at Crescent City, California.

Benjamin J. Kerensa
BENJAMIN KERENSA, Declarant



BK

# Attachment E

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102*

*(415) 436-7200*
*FAX:(415) 436-7234*

September 27, 2007

FILED

OCT 0 1 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

07 SEP 28 PM 1:05
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Honorable Jeffrey S. White
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: United States v. Benjamin Kerensa
CR 03-0333 JSW

Dear Judge White:

This letter concerns the Court's Order dated September 20, 2007 relating to Benjamin Kerensa's motion to modify his restitution order.

As a result of the Court's Order, the Financial Litigation Unit of the United States Attorney's Office and counsel for Benjamin Kerensa, Suzanne Luban, have negotiated a payment agreement that states in substance:

1. That Mr. Kerensa will pay $5 a month for each month in which he works outside his home for at least 10 days of the month;

2. That Mr. Kerensa will notify the United States Attorney's Office of any material change in his economic circumstances that might affect his ability to pay;

3. That the United States Attorney's Office will not impose default or delinquency penalties against Mr. Kerensa for nonpayment of his restitution debt without first contacting Mr. Kerensa's counsel, or Mr. Kerensa directly if he is not represented by counsel, to determine whether there are mitigating circumstances for his non-payment or to determine whether the payment agreement should be re-negotiated based on existing circumstances.

127a

Accordingly, the parties submit that the matter is resolved at this time.

Very truly yours,

SCOTT N. SCHOOLS
United States Attorney

Elise Becker
Assistant United States Attorney

cc: Suzanne Luban

# Attachment F

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*9th Floor, Federal Building*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102-3495*

*(415) 436-6970*

*FAX: (415) 436-6570*

February 13, 2026

Benjamin Kerensa
Redacted

Re: United States v. Benjamin Kerensa
<u>USDC ND CALIFORNIA; No. CR-03-333-01</u>
USAO Reference No.: 2005A58561 /001
Current Balance: $50,164.29 plus interest at 2.53 %

Dear Mr. Kerensa:

We are making a periodic check of our files and need a current financial statement. Complete and return the enclosed financial statement, answering every item **and** <u>along with copies of recent pay or benefit statements covering a two-month period, bank statements for the last three months, and your tax returns for the past three years</u>.

It is requested that the above documents be returned to this office within **30 days** from the date of this letter. If you **<u>do not</u>** return the requested information within this time frame, you will be subpoenaed to produce financial documents and/or attend a judgment debtor examination.

If have any questions, contact the undersigned at the number above.

Very truly yours,

CRAIG H. MISSAKIAN
United States Attorney

Please respond to: FINANCIAL LITIGATION PROG. - ZH

Enclosures: Financial Statement
Self-addressed envelope